IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NEREIDA VÉLEZ; LOUIS VÉLEZ; AND THEIR CONJUGAL PARTNERSHIP**<br><br>Plaintiffs<br><br>vs.<br><br>**ROYALE BLUE HOSPITALITY, L.L.C. d/b/a EL CONQUISTADOR RESORT; LIBERTY MUTUAL INSURANCE COMPANY; CORPORATIONS ABC; JOHN AND JANE DOE; INSURANCE COMPANIES ABC**<br><br>Defendants | CIVIL NO:<br><br>Subject: Personal Injury; Loss of Consortium; Diversity; Jury Trial Requested |

**COMPLAINT**

COME NOW the plaintiffs, Nereida Vélez ("**Mrs. Vélez**"), Louis Vélez ("**Mr. Vélez**"), and their **conjugal partnership** (collectively "**Plaintiffs**"), through their undersigned counsel, and respectfully **ALLEGE**, **STATE** and **PRAY**:

### I.   JURISDICTION

1. The diversity jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332 (a) (1), and Article III of the Constitution of the United States, inasmuch as this is a civil action that involves an amount in controversy in excess of seventy-five thousand dollars, exclusive of interest and costs, and every issue of law and fact alleged herein is wholly between citizen of different states.

### II.   PARTIES

2. Plaintiffs Mrs. Vélez, Mr. Vélez and the Conjugal-Partnership are residents of Chicago, Illinois.

3. Co-defendant Royale Blue Hospitality, L.L.C., d/b/a El Conquistador Resort ("**Royale**") is a limited liability company under the laws of Puerto Rico, with its principal place of business located at University Gardens, 1010 Harvard Street, San Juan, PR, 00927. According to information and belief, Royale owns and/or operates El Conquistador Resort ("**El Conquistador**") in Fajardo, Puerto Rico. Royale is responsible for maintaining safe conditions on its premises.

4. Co-defendant Liberty Mutual Insurance Company ("**Liberty**") is an insurance company licensed by the Insurance Commissioner of Puerto Rico. Liberty is jointly and severally liable to the plaintiffs because upon information and/or belief at the time of the facts alleged in this lawsuit it had issued and had in force insurance policies in favor of co-defendant Royale.

5. Co-defendants Corporations ABC are unknown entities who, according to information and belief, either own or operate El Conquistador. Plaintiffs will amend this Complaint to include the names of these corporations once they are ascertained.

6. Co-defendants John Doe and Jane Doe are unknown individuals who, according to information and belief, were responsible for the ownership, operation, or management of El Conquistador and/or for maintaining the property in a safe condition. Plaintiffs will amend this Complaint to substitute their true names once they are ascertained.

7. Co-defendants Insurance Companies ABC are the insurers of El Conquistador and/or its operators. Their identities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to include their identities once they are ascertained.

8. All the defendants are citizens of, domiciled in, and/or have their principal place of business in the Commonwealth of Puerto Rico.

### III. FACTS

9. On August 8, 2024, Mrs. Vélez, then 74 years old, was a paying guest at El Conquistador.

10. While attempting to enter the bathtub in her room, Mrs. Vélez slipped and fell due to the defective and hazardous design of the bathtub.

11. The bathtub was recessed more than one foot below the bathroom floor, requiring guests to step over and down, increasing the risk of falls. The tub's surface was slick and smooth, with no traction strips or anti-slip mat.

12. No warnings, grab bars, or safety features were provided to mitigate the risk.

13. Mrs. Vélez fell violently, suffering a dislocated shoulder, severe bruising to her head and body, and intense physical pain.

14. As a result of her injuries, Mrs. Vélez required emergency medical care in Centro Medico Noreste where she was diagnosed with a right shoulder dislocation that was reduced, radiological examinations were ordered which included X-rays and CT scans, an arm sling was prescribed for one week, and she was advised to avoid lifting heavy objects. Finally, she was instructed to visit her primary care physician and an orthopedic specialist within 1-2 days.

15. On August 22, 2024, an MRI revealed a full-thickness rotator cuff tear, involving the supraspinatus, infraspinatus, and subscapularis tendons, as well as other shoulder pathology, including rotator cuff arthropathy and biceps tendinosis.

16. On September 30, 2024, Ms. Vélez had her initial orthopedic consultation at Midwest Orthopaedics at Rush, where the full extent of her shoulder injuries was reviewed. She was prescribed a six-week course of physical therapy, consisting of 12 sessions focused on gentle range of motion, strengthening, and stretching.

17. Despite completing the physical therapy sessions between September and October 2024, Ms. Vélez continued to suffer from pseudoparalysis and significant limitations in shoulder function and daily activities.

18. Given the failure of conservative treatment and persistent functional impairment, a decision was made to proceed with surgical intervention.

19. On December 11, 2024, Ms. Vélez underwent a right reverse total shoulder arthroplasty using the Tornier Flex Shoulder System at Elmhurst Memorial Hospital, performed by Dr. Brian Forsythe. The surgery also included a right shoulder open soft tissue biceps tenodesis and computer-assisted surgical navigation.

20. Postoperatively, she was placed in an abduction pillow and sling, transferred to recovery in stable condition, and discharged to a formal home exercise program (HEP).

21. Her first postoperative follow-up occurred on December 20, 2024. She was instructed to begin physical therapy six weeks later and continue monitoring progress through scheduled follow-ups.

22. As a direct consequence of the injury and subsequent medical treatment, Ms. Velez endured significant pain and suffering, loss of function, loss of quality of life, and incurred substantial medical expenses.

23. Mr. Vélez has suffered loss of consortium, including loss of his wife's companionship, affection, and services due to the injuries sustained.

24. The injuries disrupted the Plaintiffs' vacation, making Ms. Velez unable to participate in planned activities, and caused severe pain and emotional distress.

25. The Conjugal-Partnership suffered financial strain due to medical expenses.

## IV. CAUSES OF ACTION

### COUNT I: NEGLIGENCE

26. Plaintiff re-alleges and incorporates all preceding paragraphs.

27. Defendants owed a duty to maintain their premises in a reasonably safe condition and warn invitees of hazards. Defendants breached this duty by: a. Failing to design and construct the bathtub in a safe manner; b. Failing to provide a non-slip surface or traction aids; c. Failing to install grab bars or other protective measures; d. Failing to provide adequate warnings or signage; e. Neglecting to inspect, maintain, and remedy known hazards.

28. Defendants' negligence directly and proximately caused Mrs. Vélez's injuries.

### COUNT II – PREMISES LIABILITY

29. Plaintiffs incorporate all preceding paragraphs.

30. Defendants owned, operated, and/or controlled the premises and had a non-delegable duty to maintain them in safe condition for guests.

31. The unsafe bathtub design and lack of safety measures constituted a foreseeable hazard, and Defendants' failure to correct or warn caused Plaintiffs' damages.

### COUNT III – LOSS OF CONSORTIUM (Louis Vélez)

32. Plaintiffs incorporate all preceding paragraphs.

33. As a direct result of Mrs. Vélez's injuries, Mr. Vélez has lost the companionship, comfort, services, and society of his wife, suffering emotional distress and damages.

## COUNT IV – DIRECT ACTION UNDER 26 L.P.R.A. §2003

34. Plaintiffs incorporate all preceding paragraphs.

35. Liberty Mutual and other insurance carriers named Insurance Companies ABC are directly liable to Plaintiffs under Puerto Rico's direct-action statute for the acts and omissions of the insured Defendants.

## V. DAMAGES

36. Plaintiffs seek compensatory damages, including:

a. Past and future medical expenses of Mrs. Vélez;

b. Pain, suffering, and emotional distress of Mrs. Vélez;

c. Loss of enjoyment of life;

d. Mental anguish;

e. Loss of consortium of Mr. Vélez;

f. Other damages to be proven at trial.

## VI.   DEMAND FOR JURY TRIAL

37. Under Fed. R. Civ. P. 38, the Plaintiffs demands trial by jury of all issues in this case.

38. To the extent the Defendants deny liability for the negligent acts and commissions alleged herein, they act with obstinacy and temerity and are therefore liable for prejudgment interest and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial but exceeding $75,000.00.

b. Costs of this action, including attorneys' fees.

    **c.** Judgment against Defendants.

    **d.** Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** on this 6th day of August 2025.

                                          **CASTAÑER & BAELLA LLC**
                                          771 Cll 1, Ste 204
                                          San Juan, PR 00920
                                          Tel. (787) 707-0802
                                          Fax:1(888) 227-5728
                                          rbaella@castanerlaw.com
                                          Attorneys for Plaintiffs

                                          **s/Rafael O. Baella-Ors**
                                          (U.S.D.C. P.R. #219504)